IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD TOPPER, | : | 1:12-cv-331 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| WAYNE COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| SCI-WAYMART, and | : | |
| PA ATTORNEY GENERAL, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## June 26, 2012

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 9) filed on June 4, 2012 that recommends we dismiss this case. Objections to the R&R were due by June 21, 2012, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety and dismiss this case.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   DISCUSSION

Petitioner Donald Topper ("Petitioner"), currently an inmate at the State Correctional Institution at Waymart, Pennsylvania ("SCI-Waymart"), filed the instant *pro se* petition for writ of habeas corpus, in which he challenges his prior transfer from SCI-Waymart to the Wayne county Correctional Facility. Since the filing of this action, Petitioner was transferred back to SCI-Waymart.

As noted by Magistrate Judge Mannion, it is well established that an inmate has no right to placement in any particular correctional institution or within any

particular section within an institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 and n. 9 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Young v. Quinlan*, 960 F. 2d 351, 358, n. 16 (3d Cir. 1992).  Furthermore, the instant action, which is filed as a petition for writ of habeas corpus, does not challenge the fact or duration of Petitioner's confinement but rather attacks the conditions of his confinement, which is appropriately suited for a civil rights action.  Finally, inasmuch as Petitioner has now been transferred back to SCI-Waymart, the relief he ultimately seeks in the petition has been afforded to him, thus rendering this action entirely moot.  Based on all of the foregoing, we agree with the Magistrate Judge's recommendation of dismissal of the case.

As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.